■ HUGHES, HARRISON & BROWN ROOFING, INC., et al., Respondents, v MERCHANTS INSURANCE COMPANY, Appellant.—In an action to declare that defendant is obligated to defend and indemnify plaintiffs in an action commenced by Patrick Paul Black, defendant appeals from a judgment of the Supreme Court, Orange County, dated April 17, 1979, which, upon granting plaintiffs' application for accelerated relief, *inter alia,* directed defendant to appear and defend plaintiffs in the pending negligence action commenced by Mr. Black. Judgment reversed, with $50 costs and disbursements, plaintiffs' application for accelerated judgment denied, and matter remitted to the Supreme Court, Orange County, for further proceedings consistent herewith. Plaintiffs are being sued by an employee of the plaintiff corporation for damages for personal injuries sustained by the employee in the course of his employment. The employee's complaint alleges, *inter alia,* that the corporation failed to secure workers' compensation insurance. In addition to the corporation, the employee sued the individual plaintiffs

herein in their individual and corporate capacities. Thereupon the corporate and individual plaintiffs commenced the instant action for a declaration that the defendant insurance company is obligated to defend and indemnify plaintiffs pursuant to a comprehensive liability policy. Defendant denied such obligation on the grounds that (1) the policy excludes from coverage any obligation for which the insured may be held liable under any workers' compensation law, and (2) the individual plaintiffs are not insured persons under the policy. Plaintiffs' application for an accelerated judgment was granted in a decision in which the court noted that the policy in question had not been submitted. Accelerated judgment should not have been granted on the present record. The question of whether the individual plaintiffs are insured persons under the policy should not have been adjudicated in the absence of the subject insurance policy. Such individual coverage entails a separate risk which may not have been included in the policy. Accelerated judgment in favor of the plaintiffs was also inappropriate in view of the apparent policy exclusion regarding obligations which could be imposed under workers' compensation laws. It is not clear on the instant record whether the injured employee's conclusory allegation that there is no existent workers' compensation policy is sufficient to negate the effect of the exclusion. Such exclusion may be applicable if the liability could have been compensable under workers' compensation, even if the employer failed to secure such coverage. Furthermore, the record suggests that the plaintiff corporation may in fact have workers' compensation coverage (with the defendant company) although that appears to be a subject of separate litigation. If so, defendant would have no obligation to defend and indemnify pursuant to the subject policy. Such possibility further indicates the impropriety of having granted an accelerated judgment. Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.